UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY RUSSELL, § | | |
|  Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | | |
| COLUMBIA PIPELINE GROUP § | JURY DEMANDED | |
| SERVICES COMPANY f/k/a § | | |
| NISOURCE GAS TRANSMISSION AND § | | |
| STORAGE COMPANY and COLUMBIA § | | |
| GAS TRANSMISSION, LLC, § | | |
|  Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Brittany Russell, ("Russell") files her Original Complaint complaining of Columbia Pipeline Group Services Company f/k/a NiSource Gas Transmission and Storage Company and Columbia Gas Transmission, LLC ("Defendants") and would show the following:

A. Parties

1. Plaintiff, Brittany Russell, is an individual who is a resident of Houston, Harris County, Texas.

2. Defendant, Columbia Pipeline Group Services Company f/k/a NiSource Gas Transmission and Storage Company ("CPG") is a Delaware corporation with its principal office located in Houston, Harris County, Texas. CPG may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant, Columbia Gas Transmission, LLC ("CGT") is a Delaware limited liability company with its principal office located in Houston, Harris County, Texas. CGT may

be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### B. Jurisdiction

4. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because the suit arises under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1)-(3). Specifically, Russell alleges that Defendants engaged in unlawful employment practices, including gender discrimination, in violation of Title VII of the United States Code.

### C. Venue

5. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this District. Specifically, Russell was employed by Defendants within the District and the unlawful acts about which she complains occurred, in whole or in part, in this District. In addition, venue is proper in this District because Defendants have their principal offices in this District. *See* 42 U.S.C. § 2000e-5(f)(3).

### D. Exhaustion of Administrative Remedies

6. Russell timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"). Russell files this Complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit "A."

### E. Factual Allegations

7. Brittany Russell was hired by NiSource Gas Transmission and Storage Company ("NiSource") on August 8, 2007 and given the title of Business Manager, Supply & Origination. On February 1, 2010, Mrs. Russell was promoted to Director, Supply & Origination and on December 15, 2011 made a lateral move to Director, Customer Services, with supervisory

authority over 12 employees and an incentive compensation range of 12.5%-37.5%. Although Russell was nominally hired by NiSource, she was, in fact, employed by all Defendant entities. The Defendant entities employ in excess of 500 employees.

8. None of the Defendant employers ever provided Russell with any employee handbook, or any company policy regarding discrimination or any executive severance policy.

9. The pervasive discriminatory conduct directed at Mrs. Russell and other women at NiSource originated with a regime change that brought in Stan Chapman as Senior Vice President for Commercial Operations.

10. On June 21, 2012, Russell and three other women Directors of NiSource were informed that they would be demoted to individual contributor status, effective July 1, 2012, with a consequent elimination of their supervisory authority and a reduction of their incentive compensation range. These demotions, including Russell's, took place not as a result of any perceived performance deficiencies. To the contrary, during Russell's nearly six years of employment prior to this date, she had never been given a reprimand for her work ethic. In fact, her shift to the Customer Services team shortly before Mr. Chapman's arrival was touted by the company as proof of her commitment to NiSource and as praise for her previous contributions on the Supply & Origination team.

11. Russell's duties were reassigned to a male hired by the new regime who had no previous experience in pipeline operations and considerably less experience in the industry than Russell's seventeen years. As a result of the June 2012 demotions and reorganizations, all direct reports to Stan Chapman were male.

12. In an effort to address any concerns that the demotion would result in a significant negative impact to Russell's compensation, she was told by Stan Chapman that although her

incentive compensation range was being lowered to 10%-30%, he had the discretion and authority to pay beyond the range. Mrs. Russell was also then assured that the demotion would be much better for her family because of reduced travel needs. The same "assurance" has not been made to male employees of NiSource nor did the "assurance" address the loss of recognition and respect that Russell suffered, both internal and external to the company, in being equated with persons on the company organizational chart who had less than 5 years of experience and who were not her true counterparts.

13. Russell at this time qualified for an Executive Severance Policy offered by NiSource; however, she was never at any time during her tenure as Director advised that NiSource had such a policy. She was not advised in June of 2012 that NiSource has such a policy or that she qualified for such a policy. When Mrs. Russell was terminated on March 1, 2013, she was then advised that "the burden to request that package is on the employee." It is self-evident that Mrs. Russell cannot ask for the benefits of a policy that she, at the time, did not even know existed.

14. Russell's 2012 year-end performance evaluation did not contain any negative comments or tangible suggestions of areas of performance that needed to be improved. Despite this, Russell's 2012 incentive pay was allocated only 10.4% - just above the minimum for her range of 10 - 30%. On February 20, 2013, Russell was offered, on a take-it-or-leave-it basis, the job of Business Manager, Marketing with a lower incentive pay range of 5% – 15%. Incredibly, this is the position that she held when she was hired by NiSource in 2007.

15. It was obvious to Russell at this point that she had no future prospects for promotion or service commensurate with her abilities at NiSource. The reassignments of her projects to less qualified males, reduction of her compensation that bears no relationship to her

4

performance or ability and discriminatory comments that imply that Russell is more committed to her family than she is to the advancement of her career at NiSource and the promotion and growth of the company's business made it clear at this point to Russell that her prospects as a woman for promotion or executive authority at NiSource were severely restricted if not nonexistent. Simply put, no male employee of similar experience and expertise to Russell (if there is one) has been treated in this manner by the company. Russell refused to accept the further demotion to Business Manager and was terminated by Defendants on March 1, 2013.

16. Russell applied for unemployment benefits, arguing that she was discharged due to the gender discrimination. Defendants fought the unemployment claim, arguing to the Texas Workforce Commission ("TWC") that Russell "resigned" from the Defendant companies.

17. The TWC issued its Determination of Payment of Unemployment benefits on April 23, 2013. The TWC determined that unemployment benefits would be paid to Russell because "your employer fired you for a reason that is not misconduct connected with your work." A true and correct copy of the TWC Determination is attached hereto as Exhibit "B."

18. Contemporaneously with Russell's attempts to secure her unemployment benefits in the face of Defendants' challenge, Russell began the administrative prerequisite by pursuing her discrimination claim through the United States Equal Employment Opportunity Commission ("EEOC"). Incredibly, Defendants there took the position that Russell was part of the process that engineered her own fate and willingly and knowingly participated in the decisions that resulted in her further demotion.

F. Discrimination Under Title VII

19. Russell incorporates by reference the allegations contained in paragraphs 1-18 as if fully set forth herein.

20. Defendants have engaged in unlawful employment practices, including gender discrimination, in violation of Sections 703(a)(1) and 704(a) of Title VII, U.S.C. §§ 2000e-2(a)(1) and 2000e-2(a)(2).

21. Russell was employed by Defendants from August 8, 2007 through March 1, 2013. During her employment, Russell was demoted from her executive position and, ultimately, terminated for one reason only, her classification of sex: female.

22. Russell was not advised of her right to an executive severance package so that she could timely consider and elect whether to accept the package. She was subjected to condescending comments by her supervisor, Stan Chapman that let her know that her leadership role was being denied to her because of her gender, e.g. it would be "better for your family." Her duties and responsibilities were reassigned to a male with considerably less experience than Russell in the industry and no experience in pipelines.

23. Defendants' Executive Vice President of Human Resources was aware of the pervasive environment of gender discrimination created by Stan Chapman and failed to take remedial measures.

24. The discrimination was severe and pervasive and it substantially altered the terms and conditions of employment for Russell. The effect of Defendants' unlawful employment practices has been to deprive Russell of equal employment opportunities and to otherwise adversely affected her status as an employee because of her sex.

25. Defendants' unlawful employment practices have caused Russell emotional pain and suffering, inconveniences, mental anguish, and loss of enjoyment of life.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Russell.

### G.  Jury Demand

28. Russell hereby demands trial by jury and tenders the required jury fee.

### H.  Prayer

For the foregoing reasons, Brittany Russell asks the Court for judgment against Defendants Columbia Pipeline Group Services Company f/k/a NiSource Gas Transmission and Storage and Columbia Gas Transmission, LLC, jointly and severally, as follows:

a.  Declare Defendants liable for unlawful employment practices under Title VII of the United States Code;

b.  Award Russell actual damages;

c.  Award Russell back pay and front pay and benefits;

d.  Award Russell compensatory damages that she suffered as a result of Defendants' wrongful conduct;

e.  Award Russell punitive damages in an amount to be established at trial;

f.  Award Russell reasonable attorney's fees;

g.  Award Russell pre-judgment and post-judgment interest;

h.  Award Russell costs of suit; and

i.  All other relief, both in law and in equity, to which Russell may be entitled.

Respectfully submitted

By: ___/s/ Jennifer S. Wilson___
    Jennifer S. Wilson
    State Bar No. 21697500
    Fed. I.D. No. 403
    3040 Post Oak Blvd., Suite 1300

                        Houston, Texas 77056
                        Tel. 713-212-2691
                        Fax 713-212-2790

                        ATTORNEY IN CHARGE FOR
                        PLAINTIFF BRITTANY RUSSELL

OF COUNSEL:

Anne Marie Finch
State Bar No.  06997625
Fed. I.D. No.  14122
ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.
3040 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Tel. 713-552-1234
Fax 713-212-2790